IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA GAGNON

    Plaintiff,                            CIVIL ACTION FILE NO.

v.

MIDLAND CREDIT MANAGEMENT, INC

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

**I. PRELIMINARY STATEMENT**

This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff. Plaintiff, an individual, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. 227 et seq. and Chapter 559.72 of the Florida Statutes.

**II. PARTIES**

1. Plaintiff is a natural person residing in Pinellas County, Florida.
2. Defendant is a foreign limited liability company engaged in the business of the collection of consumer debt.

3. **III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. 1331
5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pinellas County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

## IV. STATUTORY STRUCTURE TCPA and CHAPTER 559

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.  Chapter 559.72 of the Florida Statutes, sets forth a list of prohibited activities in regards to those entities trying to collect upon an alleged consumer debt.

7. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.

    See, 47 U.S.C.  227 (a)(1).

8. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

9. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater,  or

    (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. 227 (b)(3). Additionally, Section 559.72 and 559.77 of the Florida Statutes provide for a civil penalty of up to $1,000.00 for prohibited acts and also for attorney fees and costs.

## V. FACTUAL ALLEGATIONS

11. On February 20, 2014 Plaintiff instructed Defendant to no longer contact or call Plaintiff.

10. Defendant did not have a prior business relationship with Plaintiff. On those occasions when Plaintiff answer Defendant's calls to her cell phone, Defendant would call Plaintiff repeatedly, and Plaintiff would hear a substantial delay, awaiting for Defendant to come onto the line.

11. Plaintiff never gave the Defendant express consent to be called with an ATDS at 727-687-1314 which was assigned by Metro PCS.

12. Defendant called at least sixty (60) times with an ATDS to the Plaintiff's cell phone number, listed above, in approximately 3 to 4 weeks. In addition, Defendant called Plaintiff after Plaintiff's cease and desist letter referenced above.

## VI. TCPA VIOLATIONS

13. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

14. The actions of the Defendant individually and collectively violated the TCPA.

15. By the Defendant calling the Plaintiff's phone without express consent with an ATDS the Defendant violated the TCPA. 27 U.S.C. 227

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to TCPA 47 U.S.C. 227 (b)(3);

(2) Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

(3) Fair and reasonable costs of this action and court costs as well as attorney fees under Chapter 559 of the Florida Statutes where applicable.

(4) Injunctive relief;

(5) Such other and further relief that the Court deems just and proper.

/s/ W. John Gadd  
W. John Gadd  
FL Bar Number 463061  
Bank of America Building  
2727 Ulmerton Road-Suite 250  
Clearwater, FL 33762  
Tel- (727) 524-6300  
Email- wjg@mazgadd.com